**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V. | * | CASE NO.   4:18CR00512-01 SWW |
| | * | |
| | * | |
| JP SMITH, III | * | |
| | * | |

## ORDER

On December 4, 2019, the Court held a pretrial hearing in this case to address several matters, including Defendants' pretrial motions to sever for separate trials [ECF No. 43], to suppress tangible evidence [ECF No. 46], for a bill of particulars [ECF No. 47], for dismissal of the superseding indictment [ECF No. 50], and the United States' responses in opposition [ECF Nos. 48, 49, 51, 52].  At the conclusion of  hearing, the Court denied each of Defendant's pretrial motions, without prejudice to reappointed counsel, Crystal J. Okoro, filing similar motions on Defendant's behalf.  This order reaffirms the Court's rulings on Defendant's  pretrial motions.

<u>Motion to Sever</u>

The superseding indictment in this case, filed November 6, 2019, charges Defendant JP Smith, III with possession with intent to distribute cocaine (Count One) and marijuana (Count Two), being a felon in possession of firearms (Count Three), and using those firearms in furtherance of a drug trafficking crime (Count Four).   The superseding indictment also contains 2 forfeiture allegations that seek the forfeiture of seized firearms.

1

Defendant moves pursuant to Rules 8(a) and 14 of the Federal Rules of Criminal Procedure to sever for trial Counts 1 and 2 from Counts 3 and 4. He argues that evidence about his prior convictions would prejudice him in the eyes of the jury with respect to the drug counts—Counts 1 and 2. He argues that the prior felonies alleged in support of Count 3 occurred more than 9 years ago and that "there is no relevance in the Defendant's prior convictions to alleged crimes charged . . . except to gain a tactical advantage and prejudice the defendant."[1] He further argues that the evidence will show that the firearms he allegedly possessed contained no identifiable fingerprints. Finally, Defendant argues that the firearms he allegedly possessed were seized at a different time and location than the drugs.

In response to Defendant's motion to sever, the United States reports that the firearms and drugs at issue in this case were recovered together on January 13, 2018, during the execution of a search warrant for a Blytheville residence. The government states that Smith was present at the residence when officers arrived, and when they knocked, he jumped out of a back window, with a pistol, which was later recovered. The government reports that Smith fled but was soon apprehended, at a nearby location, and that inside the residence, officers found two additional firearms, marijuana, cocaine, and drug paraphernalia.

Federal Rule of Criminal Procedure 8(a) provides:

The indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or

---

[1] ECF No. 43, at 4.

transaction, or are connected with or constitute parts of a common scheme or plan.

Offenses are of the "same or similar character" when they "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each overlaps.'" *United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999)(quoting *United States v. Lindsey,* 782 F.2d 116, 117 (8th Cir.1986)). The Eighth Circuit has previously held that a 17-month period did not violate the "relatively short period of time" requirement. *See Lindsey,* 782 F.2d at 117. Here, Smith was arguably in possession of the firearms and drugs at issue, at the same residence and at the same time, and it is "reasonable to assume that the firearms could have been used as a vital part of a plan to possess and distribute drugs." *Boyd*, 180 F.3d at 982(quoting *United States v. Gorecki,* 813 F.2d 40, 42 (3d Cir.1987)(drugs and weapons connected temporally and logically)). Because the drug-related and firearms-related charges are connected both temporally and logically, they are reasonably joined under Rule 8(a).

Even where counts are properly joined, Rule14 allows the court to sever if it appears that a defendant is prejudiced by joinder. The decision is reviewed for an abuse of discretion resulting in clear prejudice. *United States v. Mason,* 982 F.2d 325, 327 (8th Cir.1993); *United States v. Johnson,* 944 F.2d 396, 402 (8th Cir.), *cert. denied,* 502 U.S. 1008, 112 S. Ct. 646, 116 L.Ed.2d 663 (1991). The Eighth Circuit has noted that "a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other

crime." *Boyd*, 180 F.3d at 981(quoting *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996).

Because evidence that Smith possessed with intent to distribute illegal drugs would be probative and admissible in a separate trial on the firearms counts, Smith will suffer no prejudice if the crimes are tried together. Additionally, the Eighth Circuit has held that given the nexus between drug crimes and weapons, evidence of firearms possession is probative evidence of drug trafficking and the admissible in a separate trial on drug charges. *United States v. Jones*, 880 F.2d 55, 62 (8th Cir. 1989). Furthermore, the Eighth Circuit has held that a limiting instruction regarding the proper use of a prior conviction diminishes the danger of unfair prejudice. See *United States v. Strong*, 415 F.3d 902, 906 (8th Cir. 2005). In sum, Defendant will suffer no prejudice if the offenses charged are tried in a single trial.

## Motion to Suppress

Smith seeks to suppress tangible evidence of the seized cocaine, marijuana, and firearms because on grounds that they were not maintained in a continuous chain of custody and that the weight of marijuana reported seized is more than the weight recorded in a state crime lab report. Smith argues that chain-of-custody reports "suggest that the tangible evidence were [*sic*] not been [*sic*] adequately maintained and preserved while in the possession of the government and that evidence had been tampered with."[2]

---

[2] ECF No. 46, at 3.

"[I]n order for evidence to be admissible, a chain of custody must exist that shows a reasonable probability that the evidence has not been changed or altered." *United States v. Lothridge,* 332 F.3d 502, 504 (8th Cir.2003). "In making this determination, absent a showing of bad faith, ill will, or proof of tampering, the court operates under a presumption of integrity for the physical evidence." *Cannon,* 88 F.3d at 1503. *United States v. Wilson*, 565 F.3d 1059, 1066 (8th Cir. 2009).

Here, Defendant points to no evidence of bad faith or tampering. Without such evidence, the integrity of the evidence is presumed, and Smith's argument goes to the weight of the evidence rather than admissibility. *See United States v. Ortega*, 750 F.3d 1020, 1026 (8th Cir. 2014)(citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 336, 129 S. Ct. 2527, 2546, 174 L. Ed. 2d 314 (2009)(noting that gaps in the chain of custody normally go to the weight of the evidence rather than its admissibility).

<u>Motion for Bill of Particulars</u>

Defendant moves for a bill of particulars, which he says is necessary to prepare a defense, avoid prejudicial surprise at trial, and protect him from double jeopardy. The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial. *See United States v. Garrett,* 797 F.2d 656, 665 (8th Cir. 1986)(citations omitted). A bill of particulars, however, is not a proper tool for discovery, and it is not to be used to provide detailed disclosure of the government's evidence at trial. *See United States v. Wessels,* 12 F.3d 746, 750 (8th Cir. 1993)(citing *United States v. Automated Medical Laboratories, Inc.,* 770 F.2d 399, 405 (4th Cir.1985)).

5

The Court finds that the superseding indictment adequately informs Defendant of the charges against him and sets out the elements of each offense, with citation to the statutes, and it provides facts constituting each offense. Additionally, the United States reports that Smith has received and continues to receive discovery in accordance with Rule 16.

Motion to Dismiss

According to Defendant, the superseding indictment fails to satisfy constitutional and statutory pleading standards as to Counts 1, 2, 3, and 4 and the forfeiture allegations. He argues that the government fails to allege facts that he "knowingly and intentionally possessed and intended to distribute controlled substances" and fails to allege facts connecting him to the seized drugs. Smith also argues that the forfeiture allegations must be dismissed because it was not commenced within 120 days of the January 13, 2018 seizure of the firearms.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974). "Typically, an indictment is not sufficient only if an essential element of the offense is omitted from it." *United States v. Cuervo*, 354 F.3d 969, 983 (8th Cir. 2004), *cert. granted, judgment vacated on other grounds, Schoenauer v. United States*, 543 U.S. 1099, 125 S. Ct. 1050, 160 L. Ed. 2d 994 (2005). Here, the superseding

The Court finds that the superseding indictment adequately informs Defendant of the charges against him and sets out the elements of each offense, with citation to the statutes, and it provides facts constituting each offense. Additionally, the United States reports that Smith has received and continues to receive discovery in accordance with Rule 16.

Motion to Dismiss

According to Defendant, the superseding indictment fails to satisfy constitutional and statutory pleading standards as to Counts 1, 2, 3, and 4 and the forfeiture allegations. He argues that the government fails to allege facts that he "knowingly and intentionally possessed and intended to distribute controlled substances" and fails to allege facts connecting him to the seized drugs. Smith also argues that the forfeiture allegations must be dismissed because it was not commenced within 120 days of the January 13, 2018 seizure of the firearms.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974). "Typically, an indictment is not sufficient only if an essential element of the offense is omitted from it." *United States v. Cuervo*, 354 F.3d 969, 983 (8th Cir. 2004), *cert. granted, judgment vacated on other grounds, Schoenauer v. United States*, 543 U.S. 1099, 125 S. Ct. 1050, 160 L. Ed. 2d 994 (2005). Here, the superseding

The Court finds that the superseding indictment adequately informs Defendant of the charges against him and sets out the elements of each offense, with citation to the statutes, and it provides facts constituting each offense. Additionally, the United States reports that Smith has received and continues to receive discovery in accordance with Rule 16.

Motion to Dismiss

According to Defendant, the superseding indictment fails to satisfy constitutional and statutory pleading standards as to Counts 1, 2, 3, and 4 and the forfeiture allegations. He argues that the government fails to allege facts that he "knowingly and intentionally possessed and intended to distribute controlled substances" and fails to allege facts connecting him to the seized drugs. Smith also argues that the forfeiture allegations must be dismissed because it was not commenced within 120 days of the January 13, 2018 seizure of the firearms.

"[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States,* 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L.Ed.2d 590 (1974). "Typically, an indictment is not sufficient only if an essential element of the offense is omitted from it." *United States v. Cuervo*, 354 F.3d 969, 983 (8th Cir. 2004), *cert. granted, judgment vacated on other grounds, Schoenauer v. United States*, 543 U.S. 1099, 125 S. Ct. 1050, 160 L. Ed. 2d 994 (2005). Here, the superseding

indictment tracks the statutory language of the crimes charged, and each count includes each element of the crime charged.

As for the forfeiture count, 18 U.S.C. § 924(d)(1) states: "Any action or proceeding for the forfeiture of firearms or ammunition shall be commenced within one hundred and twenty days of such seizure." But this 120-day time limitation relates to civil forfeiture actions, not criminal forfeiture, which is governed by 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2. Section 2461( c) states in pertinent part:

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rule of Criminal Procedure. . . .The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding . . . .

Title 21 U.S.C. § 853, in turn, makes no mention as to time limitations for forfeiture in criminal cases. This is because forfeiture in a criminal case is timely so long as the underlying offense in the indictment is within the statute of limitations. *United States v. Ayers*, 2007 WL 496674, at *2 (S.D. Ohio 2007)(where the substantive counts in an indictment are filed within the statute of limitations, the forfeiture count will be considered timely filed as well). Because the substantive counts of the superseding indictment are timely, so are the forfeiture allegations.

IT IS THEREFORE ORDERED that Defendants' motion to sever [ECF No. 43], motion to suppress [ECF No. 46], motion for bill of particulars [ECF No. 47], and motion to dismiss [EF No. 50] are DENIED without prejudice to resubmission by reappointed defense counsel.

IT IS SO ORDERED THIS 4TH DAY OF DECEMBER, 2019.

/s/Susan Webber Wright<br>
UNITED STATES DISTRICT JUDGE