**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * * * * | |
| V. | * * | CASE NO.   4:18CR00512-01 SWW |
| | * * * | |
| JP SMITH, III | * * | |

During the pretrial conference in this case held on December 4, 2019, Defendant requested that his retained attorney, Teresa L. Bloodman, be terminated as counsel of record. The Court granted Defendant's request, or oral motion, from the bench and terminated her representation. This order reduces that ruling to writing and makes documents proffered by attorney Bloodman exhibits to this order and part of the record.

Defendant initially qualified for appointed counsel, and the Court appointed CJA Attorney Crystal J. Okoro and CJA Mentor, Federal Public Defender Lisa G. Peters to represent him. However, on July 23, 2019, retained counsel Teresa L. Bloodman entered her appearance on Defendant's behalf. Recently, the Court learned that on April 1, 2016, the Executive Director of the Arkansas Supreme Court Committee on Professional Conduct filed a petition for disbarment against defense counsel, and the petition is still pending. *See Stark Ligon v. Teresa Lynette Bloodman*, No. D-16-301. Given this information, by order entered November 15, 2019, the Court referred the matter of the appointment of stand-by counsel. The same day, United States Magistrate Judge Patricia

1

Harris appointed CJA Attorney Crystal J. Okoro and CJA Mentor, Federal Public Defender Lisa G. Peters, as stand-by counsel.

At the beginning of the December 4 pretrial hearing, the Court asked Defendant whether he was aware of the disbarment proceedings against his retained attorney. Over attorney Bloodman's repeated objection, the Court continued its inquiry, and Defendant indicated that he was not aware of the disbarment proceeding. The Court recessed for over thirty minutes to provide Defendant an opportunity to review documents filed in the disbarment proceeding and discuss the matter with his family and attorneys Bloodman, Okoro, and Peters. When Court resumed, Defendant informed the Court that he wished to terminate Bloodman's representation, and the Court granted his oral motion.

Bloodman voiced strong opposition to the Court addressing the matter of the disbarment proceedings. Despite the Court's November 15 order, Bloodman stated that it was improper for the Court to address the matter because, among other things, it took her by surprise. However, Bloodman proffered affidavits by Defendant and Defendant's father, in addition to a certificate of good standing issued to her by the Clerk of Court on December 2, 2019, which indicate that Bloodman anticipated that the Court would address the matter of the pending disbarment proceedings during the pretrial hearing. The affidavits and certificate of good standing are exhibits to this order.

IT IS THEREFORE ORDERED that Defendant's request (oral motion) to terminate Attorney Teresa L. Bloodman is GRANTED, and documents proffered by Bloodman are made exhibits to this order and part of the record in this case.

IT IS SO ORDERED THIS 5th DAY OF DECEMBER, 2019.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

AO 136 (Rev. 10/13) Certificate of Good Standing

# UNITED STATES DISTRICT COURT
for the
Eastern District of Arkansas

## CERTIFICATE OF GOOD STANDING

I, __James W. McCormack__, Clerk of this Court,

certify that __Teresa L. Bloodman__, Bar # __2005055__,

was duly admitted to practice in this Court on __05/24/2005__, and is in good standing as a member

of the Bar of this Court.

Dated at __Little Rock Arkansas__ on __12/02/2019__
      *(Location)*                                    *(Date)*

JAMES W. McCORMACK
*CLERK*

*DEPUTY CLERK*

STATE OF Arkansas
COUNTY OF Mississippi

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**UNITED STATES OF AMERICA**  **PLAINTIFF**

**V.**       CASE NO. 4:18-CR--00512 (SWW)

**JP SMITH, III**        **DEFENDANT**

### AFFIDAVIT OF JP SMITH, JR.

1. I am JP Smith, Jr.
2. I am at all times competent when making this sworn statement.
3. I live in Blytheville, Arkansas.
4. I am the father of the defendant, J.P. Smith. III.
5. On or about November 19 or 20, 2019, Lisa Peters an attorney that was previously assigned as the Federal Public Defender at my son's Arraignment on the Indictment, in October 2018, called me on my cellular phone and left a message that she needed to speak with me. I was shocked to receive a telephone call from her because she was not longer representing my son because we had hired a private attorney, Teresa Bloodman. Ms. Peters called me again later that evening, and told me she was calling me to let me know that the judge had put her back on the case to represent my son. JP, because the judge is going to take Ms. Bloodman, off the case when we go back to court on December 4, 2019. Ms. Peters said the judge said the court is going to take Ms. Bloodman's license on December 4. She said the judge appointed her and Ms. Okoro as stand-by attorneys to take over the case on December 4, 2019 when Ms. Bloodman is taken off. The information communicated to me by Ms. Peters has caused my family a lot of distress. We are concerned that JP won't be able to get a fair trial with all of this other confusion going on with the court putting public defenders back on my son's case and telling the public defenders something and not telling JP's attorney what the court plans to do at the December 4, pre trial hearing.
6. Ms. Peters was appointed to represent my son last year in October 2018. They public defenders only filed 2 motions to continue in JP's case. The continuances caused JP's trial date to be delayed for almost 1 year, until October 28, 2019. Then it was continued again by the judge.
7. My family and I hired Ms. Bloodman to represent JP.
8. I believe my son has a right to hire the attorney he chooses We can determine who we want to represent JP.
9. We are very satisfied with the representation Ms. Bloodman is providing JP and want her to remain as his attorney.

10. Ms. Bloodman gave us a copy of her Good Standing with this court.

Further, affiant sayeth not.

*J. P. Smith Jr.*

**Signature of Affiant**

**Notary**

STATE OF **Arkansas**

COUNTY OF **Mississippi**

Affiant, JP Smith, Jr., being first duly sworn under oath, presents that he has read and subscribed to the above and states that the information therein is true and correct.

SUBSCRIBED AND SWORN to before me this **3rd** day of **December**, 20**19**.

*Tiara Hull*

**Notary Public**

My commission expires: **08-06-29**

OFFICIAL SEAL- #12708579
**TIARA HULL**
NOTARY PUBLIC - ARKANSAS
MISSISSIPPI COUNTY
My commission expires 08-06-2029

STATE OF Arkansas
COUNTY OF Pulaski

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

**UNITED STATES OF AMERICA**             **PLAINTIFF**

V.            CASE NO. 4:18-CR--00512 (SWW)

**JP SMITH, III**             **DEFENDANT**

### AFFIDAVIT OF JP SMITH, III

1. I am JP Smith, III.
2. I am at all times competent when making this sworn statement.
3. I am an inmate being held at the Pulaski County Detention Center.
4. I am the Defendant in federal Case USA v. JP Smith, III, 4:18-cr-00512.
5. On November 19 or 20, 2019, Lisa Peters an attorney that was previously assigned as my Federal Public Defender at Arraignment on the Indictment, in October 2018, came to visit me at the Pulaski County jail. I was shocked to see her because she was off my case when my family and I hired a new attorney, Teresa Bloodman. I didn't think she was supposed to be visiting me without my attorney present. She didn't say she had permission from my attorney to talk to me. She told me she was visiting me because the judge had put her back on the case as a stand-by attorney because the judge is going to remove my attorney, Teresa Bloodman, off the case when we go back to court on December 4, 2019. Ms. Peters said the federal court is going to take Ms. Bloodman's license on December 4. She told me not to talk to anyone. Ms. Peters visiting with me is interfering with my attorney-client relationship. The information communicated to me by Ms. Peters is disturbing.
6. I am concerned whether I can get a fair trial in a court where the judge is putting stand-by public defenders on my case and telling them that she is going to take my attorney off the case at the hearing on Dec 4.
7. During the time Ms. Peters and Ms. Okoro were court appointed to represent me, they filed 2 motions to continue my case. The continuances caused my trial date to be delayed for almost 1 year, until October 12, 2019. I didn't agree to any continuance. They didn't file any motions to assist me in representing me.
8. My family and I hired Ms. Bloodman to represent me. Ms. Bloodman gave me a copy of the Certificate of Good Standing in the United State District Court.
9. I have a 6th Amendment right to counsel of my choice. I can determine who I want to represent me.

10. I am very satisfied with the representation of Ms. Bloodman and want her to remain as my only attorney.
11. I have not filed anything with the court or asked the court for public defender representation.

Further, affiant sayeth not.

_____
Signature of Affiant

**Notary**

STATE OF Arkansas
COUNTY OF Pulaski

Affiant, JP Smith, III, being first duly sworn under oath, presents that he has read and subscribed to the above and states that the information therein is true and correct.

SUBSCRIBED AND SWORN to before me this __3__ day of __December__, 2019.

_____
Notary Public

My commission expires: 11/8/2028

LOLITA JOHNSON
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires November 08, 2028
Commission No. 12706153

LOLITA JOHNSON
PULASKI COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires November 08, 2028
Commission No. 12706153